Friendly Loan Corporation, et al., [1] v. Commissioner. Friendly Loan Corp. v. Commissioner
Docket Nos. 4981-64 - 4983-64.
United States Tax Court
T.C. Memo 1966-127; 1966 Tax Ct. Memo LEXIS 157; 25 T.C.M. (CCH) 652; T.C.M. (RIA) 66127; June 10, 1966
*157 Adam Palaza, for the petitioners. Lawrence A. Wright, for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies as follows: Friendly Loan Corp.
Gaspar F. and Louise M.
(Years ended Sept. 30)
Hotel
Scimone
Stanley
Year
Deficiency
§ 6651(a)
Deficiency
Deficiency
§ 6653(b)
1956
$ 871.58
$ 435.79
1957
1,044.14
522.07
1958
647.21
323.61
1959
$2,324.74
797.41
398.71
1960
3,168.06
$158.40
16,198.28
8,099.14
1961
922.24
$717.98
1962
168.12
The only issue requiring decision in the Friendly Loan case is whether the Commissioner erred in disallowing an addition of $8,774.91 for 1960 to the petitioner's bad debt reserve. No issues are presented for decision in the Hotel Stanley case. The issues requiring decision in the Scimone case are whether the Commissioner has proved by clear and convincing evidence that a part of the deficiency for any year was due to fraud with intent to evade tax and whether there was unreported income for each tax year and the amount thereof. Paragraphs 1 through 18 of the stipulation *158 of facts are adopted as findings of fact. The exhibits mentioned in paragraphs 19 through 34 of the stipulation have been considered for what they may be worth in connection with the stipulation. All of the petitioners herein filed their federal income tax returns for the years involved with the district director of internal revenue for the district of Massachusetts. The only issue in the Friendly Loan case on which any evidence was presented related to the disallowance of an addition to a bad debt reserve. The only year before the Court for which the Commissioner disallowed an addition to that reserve is the year ended September 30, 1960. The petitioner had the burden of proof to show that the Commissioner erred in disallowing $8,774.91 as an addition for that year. The evidence presented is wholly inadequate to sustain that burden and judgment must be entered for the Commissioner as to each Friendly Loan tax year except for his concession in regard to his adjustments of deductions for depreciation. Friendly Loan called a certified public accountant as a witness on the bad debt reserve issue but he had only recently become acquainted with the petitioner and its business and *159 was not in position to give any material testimony as to a 1960 addition. The Court has no reason to believe from the evidence before it that the Commissioner erred in disallowing the $8,774.91 in question. The next question for decision is whether the Commissioner, who has the burden of proof as to fraud, has sustained that burden by clear and convincing proof that a part of any deficiency determined against the Scimones was due to fraud with intent to evade tax or that any return was false and fraudulent with intent to evade tax. He claims that Gaspar maintained no books or records from which his true income could be determined and consequently the net worth method had to be used. He defends his use of that method but there is no reason here to doubt his right to use it. The question is - has he proved by clear and convincing evidence that a part of any of the five deficiencies was due to fraud. He has failed to sustain the burden of proof which rests upon him in proving fraud. The special agent gave evidence to show how the so-called unreported income was determined. However, it was not proven by clear and convincing, or even in some instances admissible, evidence that the items *160 on his net worth statement were correct, that they actually represented unreported income or that the failure of the petitioners to report any additional income which they might have received in any tax year was due to a fraudulent intent upon their part. The additions to tax under section 6653(b) must fall for failure of proof. The petitioners, in turn, have the burden of proof to show that their correct income in each year was less than the amount determined by the Commissioner in computing the deficiency for that year. This is because his determinations are presumed to be correct. There is evidence of loans due Gaspar being paid during the tax years and of loans to him, but it is not shown that these loans had any effect on the deficiencies determined. No material findings are justified in this connection. The fair preponderance of the evidence shows some errors in the net worth statement of the Commissioner on which he based the deficiencies for 1959 and 1960. However, the amounts of excessive unreported income determined are not clear in some respects and, bearing most heavily upon the petitioners, who have the burden of proof ( ), *161 it is held that the unreported income amounted to $3,000 for 1959 and to $6,270 for 1960, instead of the larger amounts determined from the net worth statement. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Hotel Stanley, Inc., Docket No. 4982-64 and Gaspar F. Scimone and Louise M. Scimone, Docket No. 4983-64.↩